UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

**PARUL JAIN,**

                    Plaintiff,

       - against -

**SECURITIES INDUSTRY AND
FINANCIAL MARKETS ASSOCIATION,
IRA D. HAMMERMAN and
STEVEN DAVIDSON,**

                Defendants.
-------------------------------------------------------------X

**08 CV 6463 (DAB)(DFE)**

**FIRST AMENDED COMPLAINT**

JURY TRIAL DEMANDED



RECEIVED
JUL 2 4 2008
U.S.D.C. S.D. N.Y.
CASHIERS

     Plaintiff PARUL JAIN, by her attorneys, Sklover & Donath, LLC, complaining of Defendants SECURITIES INDUSTRY AND FINANCIAL MARKETS ASSOCIATION, IRA D. HAMMERMAN and STEVEN DAVIDSON, alleges as follows:

<u>**INTRODUCTORY STATEMENT**</u>

1.    Plaintiff Parul Jain, Ph.D., (hereafter referred to as "Plaintiff" or "Plaintiff Parul Jain") brings this action against Securities Industry and Financial Markets Association, Ira D Hammerman, and Steven Davidson (hereafter, "Defendants") for (a) defamation, (b) tortious interference with advantageous business relations, (c) intentional misrepresentation, (d) negligent misrepresentation, (e) negligence, (f) injurious falsehood, and (g) prima facie tort. Plaintiff Parul Jain seeks compensatory damages, interest, costs, disbursements, attorneys' fees and punitive damages.

**I.     JURISDICTION AND VENUE**

2.    This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and the amount in controversy is in excess of $75,000.00.

3.     Venue is proper in this judicial district in that Defendant Securities Industry and Financial Markets Association "resides" in the Southern District of New York in that it maintains a principal place of business in New York, all defendants do business within the Southern District of New York and the Southern District of New York is the venue in which the events giving rise to the claim occurred within the meaning of 28 U.S.C. §§ 1391(a)(1), (b)(1) and (c).

## II.     PARTIES

4.     Plaintiff Parul Jain is 50 years of age and is a citizen of India with permanent resident alien status in the United States: She resides in the State of New Jersey at 6 Georgia Drive, Wayne, New Jersey 07470.

5.     Defendant Securities Industry and Financial Markets Association (hereafter "Defendant SIFMA") at all times relevant hereto, upon information and belief, is a trade organization for the securities and financial industry existing under the laws of the State of Delaware and presently engaging in business in New York State at two offices, 120 Broadway, New York, NY 10271, and 360 Madison Avenue, New York, NY 10017.

6.     Defendant Ira D. Hammerman (hereafter "Defendant Mr. Hammerman") at all times relevant hereto was Secretary of the Board of Directors of Defendant SIFMA and its Senior Managing Director and General Counsel, and conducted business in the State of New York at 360 Madison Avenue, New York, NY 10017.

7.     Upon information and belief Defendant Mr. Hammerman resides in the State of Virginia.

8.     Defendant Steven Davidson (hereafter "Defendant Mr. Davidson") at all times relevant hereto is and was a Managing Director and was Vice President – Capital Market Research of Defendant SIFMA, and conducted business in the State of New York at 360 Madison Avenue, New York, NY 10017.

9.     Upon information and belief, Defendant Mr. Davidson resides in the State of Virginia.

2

### III.    **BACKGROUND FACTS**

10.    Defendant SIFMA is a trade organization for the securities industry and financial markets and states that it "brings together the shared interests of more than 650 securities firms, banks and asset managers."

11.    Defendant SIFMA refers to itself on its website as "The Powerful Voice of the Securities Industry and Global Capital Markets."

12.    Defendant SIFMA describes its mission on its website as "To champion policies and practices that benefit investors and issuers, expand and perfect global capital markets, and foster the development of new products and services. Fundamental to achieving this mission is earning, inspiring and upholding the public's trust in the industry and the markets."

13.    Defendant Mr. Hammerman is the Secretary of the Board of Directors of SIFMA, and is employed by Defendant SIFMA as its Senior Managing Director and General Counsel.

14.    Defendant Mr. Davidson is employed by Defendant SIFMA as Vice President – Capital Markets Research.

15.    Plaintiff Parul Jain was employed by Defendant SIFMA as a consultant during the Summer of 2005.

16.    From September, 2005 until June, 2008, Plaintiff Parul Jain was employed by Standard & Poors, Inc. (hereafter, "S & P, Inc."), a subsidiary of The McGraw-Hill Companies, Inc. as its Director of U.S. Credit Strategy.

17.    S & P, Inc. is one of the world's foremost providers of business information and analysis.

18.    At all times during Plaintiff Parul Jain's three years of employment by S & P, Inc., she worked at it corporate headquarters located at 55 Water Street, New York, NY 10041.

19.    Plaintiff Parul Jain has a Ph.D Degree in Economics from Washington University in St. Louis and a Masters Degree in Economics from the Delhi School of Economics, Delhi University.

3

20.    Plaintiff Parul Jain was employed by Nomura Securities from 2003 to 2005, by TIAA-CREF from 1999 to 2003, and by Prudential Insurance from 1993 to 1996.

21.    Plaintiff Parul Jain has been employed in the financial industry for in excess of 12 years, and has a worldwide reputation for comprehensive knowledge and astute analysis.

22.    Never in her 12 years of employment in the financial industry has Plaintiff Parul Jain been fired for reasons related to her conduct or behavior, until June, 2008.

23.    Plaintiff Parul Jain acted as an informal consultant and advisor to several employees of Defendant SIFMA and spoke at several of their conferences.

24.    Between Plaintiff Parul Jain and Defendant Mr. Davidson there existed a sense of professional competition.

25.    Upon information and belief, Defendant Mr. Davidson harbored against Plaintiff Parul Jain a professional jealousy.


**A.    Defendant Mr. Davidson repeatedly contacts Plaintiff Parul Jain**

26.    In or about 2003 Defendant Mr. Davidson began contacting Plaintiff Parul Jain by telephone and email.

27.    In his communications to Plaintiff Parul Jain, Defendant Mr. Davidson sought from her information, insights and ideas regarding the securities and financial markets.

28.    In his communications to Plaintiff Parul Jain, Defendant Mr. Davidson sought from her information regarding possible contacts in their industry and also within S & P, Inc.

29.    In or about May, 2006, Plaintiff Parul Jain requested of Defendant Mr. Davidson that he cease his communications to her superiors saying negative things about her.

30.    Defendant Mr. Davidson's repeated communications to Plaintiff Parul Jain continued through July, 2007 and his repeated communications about Plaintiff Parul Jain continued up through her termination.

4

**B.**    **Defendants write to Plaintiff Parul Jain, and to Others, at her S & P, Inc. office**

31.    On or about July 23, 2007, Defendant Mr. Davidson told Defendant Mr. Hammerman, and thus told Defendant SIFMA, that Plaintiff Parul Jain had sent him several unwelcome communications.

32.    On July 23, 2007, Defendant Mr. Hammerman wrote and sent a letter to Plaintiff Parul Jain, addressed to her at her S & P, Inc. office (hereafter, the "Hammerman Letter," a copy of which is annexed as Exhibit A).

33.    The Hammerman Letter was written on the official stationery of Defendant SIFMA.

34.    The Hammerman Letter was written by Defendant Mr. Hammerman in the course of his duties as an employee of Defendant SIFMA.

35.    The Hammerman Letter was written, signed and sent by Defendant Mr. Hammerman in his official capacity as Senior Managing Director and General Counsel of Defendant SIFMA.

36.    The Hammerman Letter set forth an allegation by Defendant Mr. Davidson that Plaintiff Parul Jain had engaged in "several unwelcome communications" to Defendant Mr. Davidson, and requested that Plaintiff Parul Jain "immediately cease and desist from making any further efforts to communicate with him," and repeated that allegation.

37.    In New York State, where Defendants maintain two offices, and where Plaintiff Parul Jain was employed at her S & P, Inc. offices, communication with a person in a manner likely to cause annoyance or alarm is the crime of Aggravated Harrassment in the Second Degree, a crime.

38.    The Hammerman Letter set forth that Defendant Mr. Davidson had stated to Defendant Mr. Hammerman that Plaintiff Parul Jain had engaged in criminal conduct.

39.    The statement in the Hammerman Letter that Plaintiff Parul Jain had engaged in "several unwanted communications"  was a false statement of fact.

40.    Upon information and belief, Defendant Mr. Davidson knew that his allegation of "several unwanted communications" by Plaintiff Parul Jain was a false statement when he made it.

5

41.    Upon information and belief, Defendant Mr. Hammerman knew that the allegation of "several unwanted communications" by Plaintiff Parul Jain was a false allegation when he repeated it in the Hammerman Letter.

42.    The Hammerman Letter contained a notation at its base "cc:  Mr. Steven Davidson," establishing that it was a publication of the false statement.

43.    Upon information and belief, the Hammerman Letter was sent to and/or seen by other individuals inside Defendant SIFMA and outside Defendant SIFMA.

44.    Upon information and belief, Defendant Mr. Hammerman forwarded a copy of the Hammerman Letter to one or more of Plaintiff Parul Jain's superiors at S & P, Inc.

45.    Upon information and belief, Defendant Mr. Hammerman forwarded a copy of the Hammerman Letter to one or more of Plaintiff Parul Jain's colleagues at S & P, Inc.

46.    Upon information and belief, Defendant Mr. Davidson forwarded a copy of the Hammerman Letter to Plaintiff Parul Jain's superiors at S & P, Inc.

47.    Upon information and belief, Defendant Mr. Davidson forwarded a copy of the Hammerman Letter to Plaintiff Parul Jain's colleagues at S & P, Inc.

48.    There was no good reason for Defendant Mr. Hammerman to send the Hammerman Letter to Plaintiff Parul Jain at her S & P, Inc. office address, as the conduct alleged in the Hammerman Letter did not, according to the Hammerman Letter, (a) take place during working hours, or (b) emanate from the S & P, Inc. office, or (c) involve S & P, Inc.'s telephones, email, equipment or facilities, or (d) concern work matters.

49.    There was no good reason for Defendant Mr. Hammerman to send the Hammerman Letter to Plaintiff Parul Jain's colleagues or superiors at S & P, Inc., as the conduct alleged in the Hammerman Letter did not, according to the Hammerman Letter, (a) take place during working hours, or (b) emanate from the S & P, Inc. office, or (c) involve S & P, Inc.'s telephones, email, equipment or facilities, or (d) concern work matters.

50.    There was no good reason for Defendant Mr. Davidson to send the Hammerman Letter to Plaintiff Parul Jain's colleagues or superiors at S & P, Inc., as the conduct alleged in the Hammerman Letter did not, according to the Hammerman Letter, (a) take place during working hours, or (b) emanate from the S & P, Inc. office, or (c) involve S & P's telephones, email, equipment or facilities, or (d) concern work matters.

51.    Upon information and belief, the Hammerman Letter was sent by Defendants to Plaintiff Parul Jain at her office address, and to Plaintiff Parul Jain's colleagues and superiors, with malicious intent.

**C.    Plaintiff Parul Jain receives a Written Warning, Citing the Hammerman Letter.**

52.    On or about March 7, 2008, Plaintiff Parul Jain received from her superior at S & P, Inc. a written warning of potential job loss which cited several times the Hammerman Letter and its false allegations of her harassing Defendant Mr. Davidson.

**D.    Plaintiff Parul Jain is Fired, Citing the Hammerman Letter.**

53.    On or about June 16, 2008, Plaintiff Parul Jain's employment with S & P, Inc. was terminated by her employer, citing the earlier warning that cited the Hammerman Letter.

54.    The Hammerman Letter was a direct and proximate cause of the firing of Plaintiff Parul Jain.

55.    As a result of Defendants' preparation and dissemination of the Hammerman Letter, Plaintiff Parul Jain became unemployed, unable to support her family, and her professional reputation and physical health have been damaged.

### IV.    FIRST CLAIM FOR RELIEF
### (Defamation Against All Three Defendants)

56.    Plaintiff Parul Jain repeats and realleges each and every allegation contained in paragraphs 1 through 55, above, with the same force and effect as if fully set forth herein.

7

57.    The oral allegation of Defendant Mr. Davidson to Defendant Mr. Hammerman and Defendant SIFMA that Plaintiff Parul Jain had engaged in "several unwanted communications" with Defendant Mr. Davidson was a false statement, about the Plaintiff, defamatory to the Plaintiff, published to Defendant Mr. Hammerman, Defendant SIFMA, and to others, without a privilege of any kind.

58.    The written allegation in the Hammerman Letter that Plaintiff Parul Jain had engaged in "several unwanted communications" with Defendant Mr. Davidson was a false statement, about the Plaintiff, defamatory to the Plaintiff, published to Mr. Davidson and others, without a privilege of any kind.

59.    The allegation in the Hammerman Letter was made with hatred, ill will and spite.

60.    By reason of the foregoing, Plaintiff Parul Jain is entitled to recover from Defendants for her damages in the sum of at least one million dollars ($1,000,000.00), together with costs, interest, attorneys fees and punitive damages.

## V.    SECOND CLAIM FOR RELIEF

### (Tortious Interference with Business Relations against All Three Defendants)

61.    Plaintiff Parul Jain repeats and realleges each and every allegation contained in paragraphs 1 through 60, above, with the same force and effect as if fully set forth herein.

62.    Plaintiff Parul Jain's employment with S & P, Inc. was a valid business relation known to Defendants.

63.    Defendants' transmission of the Hammerman Letter to persons at S & P, Inc. interfered with, and did damage to, Plaintiff Parul Jain's employment relation with S & P, Inc.

64.    Plaintiff Parul Jain's loss of her S & P, Inc. employment was a result of Defendants' actions, and has resulted in loss of her income, loss of her benefits, and damage to her professional reputation.

65.    The preparation, dissemination and publication of the Hammerman Letter were intentional acts, and intended to cause harm to Plaintiff Parul Jain.

66.    By reason of the foregoing, Plaintiff Parul Jain is entitled to recover from Defendants for her damages in the sum of at least two million dollars ($2,000,000.00), together with costs, interest, attorneys fees and punitive damages.

## VII.    THIRD CLAIM FOR RELIEF
### (Intentional Misrepresentation against Defendant Mr. Davidson)

67.    Plaintiff Parul Jain repeats and realleges each and every allegation contained in paragraphs 1 through 66, above, with the same force and effect as if fully set forth herein.

68.    Defendant Mr. Davidson knew that his allegations against Plaintiff Parul Jain were false when he made them to Defendant Mr. Hammerman and Defendant SIFMA, and to others.

69.    Defendant Mr. Davidson knew that the allegations against Plaintiff Parul Jain set forth in the Hammerman Letter were false when they were disseminated.

70.    Upon information and belief, Defendant Mr. Davidson's false statements were made with malicious intent.

71.    By reason of the foregoing, Plaintiff Parul Jain is entitled to recover from Defendant Mr. Davidson for her damages in the sum of at least two million dollars ($2,000,000.00), together with costs, interest, attorneys' fees and punitive damages.

## VII.    THIRD CLAIM FOR RELIEF
### (Negligent Misrepresentation against All Defendants)

72.    Plaintiff Parul Jain repeats and realleges each and every allegation contained in paragraphs 1 through 71, above, with the same force and effect as if fully set forth herein.

73.    Upon information and belief, when Defendants made their false statements regarding Plaintiff Parul Jain, they were aware that those false statements would be disseminated, disclosed and otherwise become known to her employers.

74.    Upon information and belief, when Defendants made their false statements regarding Plaintiff Parul Jain, they were aware that her employers would take those false statements into account when evaluating her performance, conduct and value to them as an employee, and in considering whether or not to continue her employment.

75.    Because of Defendant SIFMA's position and prominence in the financial industry, and the business, industry and professional relations between it and S & P, Inc., there existed a relation of trust between Defendants and S & P, Inc. such that Defendants knew that S & P, Inc. would rely on statements that Defendants made about Plaintiff Parul Pain.

76.    By reason of the foregoing, Plaintiff Parul Jain is entitled to recover from Defendants for her damages in the sum of at least one million dollars ($1,000,000.00), together with costs, interest, and attorneys' fees.

## VIII.    FOURTH CLAIM FOR RELIEF
### (Injurious Falsehood against All Defendants)

77.    Plaintiff Parul Jain repeats and realleges each and every allegation contained in paragraphs 1 through 76, above, with the same force and effect as if fully set forth herein.

78.    Upon information and belief, the false statement uttered by Defendant Mr. Davidson, and the false statement written and disseminated by Defendants Mr. Hammerman and SIFMA, were uttered and written with malicious intent and intent to harm.

79.    Alternatively,  the false statement uttered by Defendant Mr. Davidson, and the false statement written and disseminated by Defendants Mr. Hammerman and SIFMA, were uttered and written recklessly without regard to their consequences, and were such that a reasonably prudent person should anticipate that such damages would flow therefrom.

10

80.    As a result of the false statement uttered by Defendant Mr. Davidson, and the false statement written and disseminated by Defendants Mr. Hammerman and SIFMA, Plaintiff Parul Jain suffered loss of income of over $250,000.00 to date, loss of employment benefits of over $25,000.00 to date, legal expenses of over $15,000.00 to date, and employment search benefits of over $5,000.00.

81.    By reason of the foregoing, Plaintiff Parul Jain is entitled to recover from Defendants for her damages and special damages in the sum of at least two million dollars ($2,000,000.00), together with costs and interest.

## IX.    FIFTH CLAIM FOR RELIEF
### (Negligence against All Defendants)

82.    Plaintiff Parul Jain repeats and realleges each and every allegation contained in paragraphs 1 through 81, above, with the same force and effect as if fully set forth herein.

83.    By reason of their positions of trust in the financial industry, and their espoused respect and concern for confidence in business relations, Defendants had a duty of care and prudence in the making of statements regarding the conduct of other financial industry professionals.

84.    By their utterance and writing of the false statements about Plaintiff Parul Jain, and in their failure to confirm the truth of the statements uttered and written about Plaintiff Parul Jain, and in their failure to ensure that the statements uttered and written about Plaintiff Parul Jain were true, Defendants breached their duty of care owed to Plaintiff.

85.    As a result of Defendants' breach of duty of care to Plaintiff, Plaintiff suffered and continues to suffer, substantial damages which were thereby proximately caused.

86.    By reason of the foregoing, Plaintiff Parul Jain is entitled to recover from Defendants for her damages in the sum of at least one million dollars ($1,000,000.00), together with costs, interest and attorneys fees.

## X.   SIXTH CLAIM FOR RELIEF

### (Prima Facie Tort against All Defendants)

87.    Plaintiff Parul Jain repeats and realleges each and every allegation contained in paragraphs 1 through 86, above, with the same force and effect as if fully set forth herein.

88.    The acts of Defendant Mr. Davidson in telling Defendants Mr. Hammerman and SIFMA a falsehood about the conduct of Plaintiff Parul Jain, and the acts of Defendants Mr. Hammerman and SIFMA in writing a letter to Plaintiff Parul Jain at her business address, about a matter that had no bearing whatsoever upon her business activities, and thereafter transmitting such false statements to her employer, were willful, intentional and malicious.

89.    The acts of Defendants complained of herein resulted in damages to Plaintiff Parul Jain.

90.    The acts of Defendants complained of herein were without excuse or justification.

91.    The acts of Defendants complained of herein were otherwise lawful.

92.    As a result of Defendants' acts complained of herein, Plaintiff suffered and continues to suffer, substantial damages which were thereby proximately caused.

93.    By reason of the foregoing, Plaintiff Parul Jain is entitled to recover from Defendants for her damages in the sum of at least one million dollars ($1,000,000.00), together with costs, interest and attorneys fees.

### WHEREFORE,

(a)    On the **First Claim for Relief,** Plaintiff Parul Jain demands judgment in the amount of no less than one million dollars ($1,000,000.00), together with costs, interest thereon, and legal fees;

(b)    On the **Second Claim for Relief,** Parul Jain demands judgment in the amount of no less than two million dollars ($2,000,000.00), together with costs, interest thereon, and attorneys fees;

12

(c)    On the **Third Claim for Relief,** Plaintiff Parul Jain demands judgment in the amount of no less than one million dollars ($1,000,000.00) costs, interest thereon, and attorneys fees;

(d)    On the **Fourth Claim for Relief,** Plaintiff Parul Jain demands judgment in an amount of no less than two million dollars ($2,000,000.00) together with costs, interest thereon, and attorneys fees,

(e) .    On the **Fifth Claim for Relief,** Plaintiff Parul Jain demands judgment in an amount of no less than one million dollars ($1,000,000.00) together with costs, interest thereon, and attorneys fees,

(f)    On the **Sixth Claim for Relief,** Plaintiff Parul Jain demands judgment in an amount of no less than one million dollars ($1,000,000.00) together with costs, interest thereon, and attorneys fees,

(g)    On the **First, Second, Third, Fourth, Fifth and Sixth Claims for Relief**, Plaintiff Parul Jain also respectfully requests punitive damages; and

(h)    On the **First, Second, Third, Fourth, Fifth and Sixth Claims for Relief**, Plaintiff Parul Jain also respectfully requests judgment for such other, further and different relief as may be deemed just and proper by the Court.

Dated:    New York, New York
          July 21, 2008

                                        Respectfully submitted,

                                        SKLOVER & DONATH, LLC

                                        By: _____
                                            STEVEN R. TALAN (ST 5353),
                                            *Attorneys for Plaintiff Parul Jain*
                                            Ten Rockefeller Plaza, Suite 816
                                            New York, New York 10020
                                            (212) 757-5000

13



**SIFMA**
Securities Industry and
Financial Markets Association

July 23, 2007

*Via Federal Express*

Parul Jain
Director
Standard & Poor's
55 Water Street
New York, New York 10041-0003

Re:    Request to Cease and Desist Communications with Steven Davidson, SIFMA

Dear Ms. Jain:

My colleague Steven Davidson informed me that he has recently received from you several unwelcome communications that were directed to his personal cell phone and to his work email. He further informed me that your calls to him were placed from your home telephone during non-business hours and your emails to him were sent from your personal email account.

These calls and emails to Mr. Davidson, and any future calls, emails or other communications you may make to Mr. Davidson are expressly unwelcome. Accordingly, on behalf of SIFMA and Mr. Davidson, we request that you immediately cease and desist from making any further efforts to communicate with him.

Sincerely,

Ira D. Hammerman
Senior Managing Director and General Counsel

cc:    Steven Davidson